UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:   Grand Jury No. 09-1                    Case No.: 6:10-mc-00038-GAP-DAB

_____/

**SIGNATURE PHARMACY, INC.'S MOTION TO QUASH SUBPOENA TO TESTIFY BEFORE GRAND JURY AND MOTION FOR RETURN OF PROPERTY AND INCORPORATED MEMORANDUM OF LAW**

SIGNATURE PHARMACY, INC. ("Signature"), by counsel and pursuant to *Rules 17(c)* and *41(g)* of the *Federal Rules of Criminal Procedure*, moves this Court for an Order quashing the Subpoena to Testify Before the Grand Jury to Signature dated April 12, 2010 (the "Government's Subpoena"), and directing the return of Signature's property held by the United States of America (the "Government") as a result of the searches of Signature's two pharmacy locations on February 27, 2007. As good cause and in support thereof, Signature states as follows:

1.   On or about April 16, 2010, Signature was served with the Government's Subpoena requiring Signature to produce its property that had been seized three (3) years earlier and never returned. A true and correct copy of the Government's Subpoena is attached hereto as Exhibit "1."

2.   Signature's property described within the Government's Subpoena was previously transferred to the possession, custody, and control of the Government by the Metropolitan Bureau of Investigation ("MBI"), working in concert with the Florida Office of Statewide Prosecution (the "Statewide Prosecutor"), in direct violation of various Florida

State court orders, including an Order sealing the materials.[1]

3. The Government's Subpoena is overbroad and so sweeping in its terms as to violate the general reasonableness standards of the *Fourth Amendment's* protection against unreasonable seizure applicable to grand jury subpoenas *duces tecum*.

4. Furthermore, the Government's Subpoena constitutes nothing more than an attempt to shield improperly obtained materials from the Florida state court rulings and ordering the records be sealed and later returned.

5. As a result of the unreasonableness of the Government's Subpoena and its improper retention of Signature's property, Signature is entitled to the quashal of the Government's Subpoena and the immediate return of its property.

WHEREFORE, Signature Pharmacy, Inc., respectfully requests the entry of an Order quashing the Government's Subpoena, immediately compelling the return of Signature's property improperly being held by the Government, and awarding such other and further relief as this Court deems just and proper.

## MEMORANDUM OF LAW

### I. INTRODUCTION AND PROCEDURAL BACKGROUND.

On February 27, 2007, Florida law enforcement officers, working in collusion with the Drug Enforcement Agency ("DEA") and other agencies of the Government, executed search warrants on each of Signature's two pharmacy locations. During the course of the execution, the federal and Florida law enforcement officers seized materials and documents,

---

[1] Interestingly, the drug inventory seized from Signature remains in the possession of the Orange County Sheriff's Office, who, upon information and belief has never moved it to the Government. Without question the drug inventory was never returned to Signature despite Judge Kest's Order dated January 8, 2010 ("Order Directing Return") attached hereto as Exhibit "2."

including hundreds of thousands of prescriptions fulfilled by Signature since it opened in 2002.

As a consequence of the seizure of the prescriptions and other third party patient records, the Honorable John Marshall Kest ("Judge Kest") of the Circuit Court of the Ninth Judicial Circuit in and for Orange and Osceola Counties, Florida (the "Florida State Court") entered his Amended Order on "Objection to Improper Seizure of Third Party Patient Medical Records" and Granting Emergency Motion to Place Records Under Seal (Amended to Provide Clarification Pursuant to State's Motion for Clarification Under Date of March 30, 2007)(the "Seal Order"), a copy of which is attached hereto as Exhibit "3." Pursuant to the Seal Order, the private medical records including, but not limited to, prescriptions, seized from Signature were placed under seal until certain post-seizure due process safeguards were complied with by the Statewide Prosecutor. The Seal Order was upheld by the Fifth District Court of Appeals when it denied Statewide Prosecutor's Petition for a Writ of Certiorari. A true and correct copy of the Order from the Fifth District Court of Appeals is attached hereto as Exhibit "4."

In December, 2009, the Statewide Prosecutor filed with the Florida State Court a Formal Notice of No Intent to Prosecute, a copy of which is attached hereto as Exhibit "5," formally advising the Florida State Court that the Statewide Prosecutor had previously made a determination that it would not prosecute Signature. On January 8, 2010, Judge Kest entered the Order Directing Return. *See*, Exhibit "2." Judge Kest ordered that all items seized in the search of Signature be returned to Signature.

On April 1, 2010, the Government appeared before this Court in a closed-door, *ex*

*parte* hearing on its *Ex Parte* Petition for Order Authorizing Review of Grand Jury Materials (the "Government's Petition") [DKT 2].[2] The expressed purpose of the Government's Petition was to seek an Order from this Court allowing the Government to review the medical records, including, but not limited to, the prescriptions previously sealed by and thereafter ordered returned by Judge Kest. In response to the Government's *ex parte* attempt to circumvent the Seal Order, this Court issued its Order of April 1, 2010 [DKT 5], requiring the Government to issue a subpoena to Signature if the Government wished to review the sealed records. In apparent response to this Court's Order, on April 12, 2010, the Government issued the Government's Subpoena, which required Signature to produce the following:

> Any and all evidence that was seized during the searches of the below-listed locations, authorized by search warrants issued on February 26, 2007, by the Circuit Court of the Ninth Judicial Circuit in and for Orange and Osceola Counties, Florida ("the Court"): 1200 Kuhl Avenue, Orlando, Florida 2304 Aloma Avenue, Winter Park, Florida; and that was ordered to be released to Signature Pharmacy, Inc. by January 8, 2010 order of the Court (but remains in the physical custody of law enforcement and the U.S. Attorney's Office). The scope of this subpoena does not include any evidence that was previously returned to Signature Pharmacy, Inc. by law enforcement.

*See*, Exhibit "1."

The Government, through its Subpoena, seeks to improperly utilize the federal grand jury subpoena power to allow the Government to circumvent the rulings of the Florida State Court which protected the constitutional privacy rights of third parties from governmental intrusion without due process. Given the totality of the circumstances, this Court should

---

[2] Contemporaneously herewith Signature has filed with this Court its Memorandum in Opposition to Ex Parte Petition for Order Authorizing Review of Grand Jury Materials. Signature incorporates herein all facts and legal argument set forth therein.

quash the Government's Subpoena and return to Signature its property which was improperly and illegally seized by the Government in collusion with the Statewide Prosecutor and other various agencies involved in the raid of Signature's two pharmacy locations.

II. **LEGAL ARGUMENT.**

It is undeniable that the Government's Subpoena represents the Government's veiled attempt to circumvent the prior rulings of the Florida State Court first sealing and thereafter ordering the return of the records identified in the Government's Subpoena. It is evident that once the Statewide Prosecutor's attempts have unbridled access the private medical records were frustrated by Judge Kest's due process safeguards, the Government embarked upon a course to infringe upon those same privacy rights without due process. Specifically, the Statewide Prosecutor, in direct violation of Judge Kest's Seal Order, in the Fall of 2007, without subpoena or legal process, inexplicably handed over the sealed records to the Government for whatever use the Government then intended. Subsequently, the Government attempted to provide a cloak of legitimacy to that improper transfer of possession by issuing grand jury subpoenas to various Florida law enforcement agencies[3] in December 2009. Obviously concerned with the clandestine nature of its conduct related to Signature's property, the Government sought cover from this Court with the Government's Petition.

As will be discussed below, the Government's Subpoena should be quashed by this Court as it violates the *Fourth Amendment* protections against unreasonable seizure as an overbroad and sweeping request for production of records. Likewise, the Government's

---

[3] The Government purportedly served grand jury subpoenas upon MBI, the Orlando Police Department, and the Orange County Sheriff's Office.

Subpoena should be quashed pursuant to Rule 17(c) of the *Federal Rules of Criminal Procedure*, as it merely represents the Government's thinly veiled attempt to have this Court rubber stamp its strategy to circumvent the Florida Seal Order and Order Directing Return.

> **A. The Subpoena's Overbroad and Sweeping Terms Are Violative of the General Reasonableness Standard of the *Fourth Amendment*.**

While the grand jury is traditionally accorded wide latitude to inquire into possible violations of criminal law and no judge presides to monitor its proceedings, the grand jury's subpoena power is not unlimited. *United States v. Calandra*, 414 U.S. 338, 246 (1974); *see also Branzburg v. Hayes*, 408 U.S. 665, 688 (1972). For example, the grand jury may not compel a person to produce books and papers that would incriminate him. *See, Boyd v. United States*, 116 U.S. 616, 633-635 (1886). Likewise, the grand jury is without power to invade a legitimate privacy interest protected by the *Fourth Amendment*. *See, Calandra* at 246. The Supreme Court has long recognized that a grand jury's subpoena *duces tecum* should be disallowed if it is "far too sweeping in its terms to be regarded as reasonable" under the *Fourth Amendment*. *Hale v. Henkel*, 201 U.S. 43, 76 (1906). Because a grand jury's subpoena *duces tecum* leads to "the compulsory production of private papers," a corporation served with a grand jury's subpoena *duces tecum* is entitled to the *Fourth Amendment's* protection against unreasonableness. *See e.g., United States v. Bailey (In re Subpoena Duces Tecum)*, 228 F.3d 341, 347 (4th Cir. 2000)(*quoting Hale v. Henkel*, 201 U.S. 43, 76 (1906)).

In the instant action, the Government has sought only those documents previously seized by federal and Florida state officers executing state search warrants. The Government

does not bother to disguise its intent or to craft a subpoena for only those documents relevant to its investigation. Rather, the Government seeks the surrender of the express documents previously seized. Accordingly, any measure of the reasonableness of the Government's Subpoena in the context of the *Fourth Amendment* is necessarily tied to the reasonableness of the prior search and the deficiencies presented by the prior search warrants.

In the Seal Order, Judge Kest noted that he expected the improper seizure of property that was outside the scope of the search warrants would be addressed at some point in the future. *See*, Exhibit "3," fn. 1. Not surprisingly, Signature and other individuals have brought suit under 28 U.S.C. § 1983 against various parties involved in the execution of the search warrants, in large part as a result of the violations of Signature's *Fourth Amendment* rights resulting from the seizure of Signature's property. Numerous documents, prescription drugs, and other tangible items with no possible evidentiary value (and which were not described in the search warrants) were seized by the federal and Florida State officers during the raids. Prescription drugs having no possible connection to alleged criminal activity, having not been identified in the search warrants, and which would not be subject to classification as contraband, such as Crestor,[4] were seized from Signature. Instead of seizing the property specified in the search warrants, or even associated evidence of criminal activity, the federal and Florida State officers seized virtually everything within Signature's locations, including personal documents of employees that were in their offices. Computer software, general supplies such as blank labels, and data essential for the operation of a retail pharmacy, yet unnecessary to the investigation, were also seized. In short, these seizures were not

---

[4] Crestor is a prescription drug that lowers cholesterol levels.

constitutionally permissible. *See, Horton v. California*, 496 U.S. 128, 140 (1990); *Andresen v. Maryland*, 427 U.S. 463, 480 (1976); *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

Federal courts have further recognized that a subpoena may be unreasonable if it seeks irrelevant material. *See, In re Grand Jury Subpoena (THCF Med. Clinic Records)*, 504 F.Supp.2d 1085, 1088 (E.D. Wash. 2007). As written, the Government's Subpoena has marginal, if any, relevance. It clearly seeks medical records and hundreds of thousands of prescriptions, which contain highly personal, confidential, and sensitive information concerning a broad range of individuals, including, but not limited to, dialysis patients and patients receiving such common medicines as antibiotics and cholesterol medication. Compliance with the Government's Subpoena would involve irrelevant medical information and would impact significant medical privacy. As a result, it is unreasonable. *See, Id.*

Within its Subpoena, the Government makes no attempt, whatsoever, to comply with the *Fourth Amendment's* requirement of reasonableness. Therefore, the Government's Subpoena must be quashed for its failure to comply with the general reasonableness requirement of the *Fourth Amendment*.

    **B.**    **The Government's Attempted Use of the Subpoena As An "Insurance Policy" Against the Florida Seal Order and Order Directing Return Renders the Subpoena Unreasonable Pursuant to Rule 17(c) of the *Federal Rules of Criminal Procedure*.**

With the entry of the Order Directing Return, the Government was placed on notice that the property delivered to it in violation of the prior Seal Order was being held in contravention of the authority which issued the search warrants. Rather than return the property to Signature in compliance with Judge Kest's Order Directing Return and the

written directive from the Statewide Prosecutor (a copy of which is attached hereto as Exhibit "6"), the Government attempted to have this Court, in a closed-door, *ex parte*, proceeding, endorse its circumvention of the Florida State Court's orders and, effectively, legitimize the Government's possession of the improperly held property. Only when this Court ordered the Government to provide Signature with notice of its efforts to circumvent the Seal Order and the Order Directing Return, did the Government serve the Subpoena upon Signature for the property.

Rule 17(c) of the *Federal Rules of Criminal Procedure* provides, in relevant part, that "the court may quash or modify [a] subpoena if compliance with the subpoena would be unreasonable or oppressive." Determining whether this standard is met is entrusted to the discretion of the district court judge. *See United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989, 1003 (9th Cir. 2009)(*citing In re Grand Jury Proceedings*, 13 F.3d 1293, 1295 (9th Cir. 1994).

Here, the use of the Government's Subpoena to create the appearance of Signature turning over the property that it has been deprived of for over three (3) years is nonsensical. Essentially, the Government issued the Subpoena in order to review private information, despite the prior Florida State Court proceedings and to bar any return of the property ordered therein. Simply, the Government's Subpoena is unreasonable and subject to quashal as a mere "insurance policy" to shield improperly obtained materials from being returned without review as a result of challenges to the first seizure. *See, Comprehensive Drug Testing, Inc.*, 579 F.3d 989, 1003 (9th Cir. 2009).

The presence of substantial misconduct is quite properly taken into account when

determining if a subpoena is reasonable. *Id.* Here, this Court has already noted that the Statewide Prosecutor violated the Seal Order by transferring the property seized from Signature to the Government years before the issuance of any subpoena and without request to this or any other court for authority to do so.

For these reasons, the Court should quash the Government's Subpoena as it is an unreasonable shield of the property from return to Signature, as required by the Order Directing Return and the improper possession of the documents by the Government.

### C. Signature's Property Should Be Returned as the Government Has No Valid Legal Basis To Retain It.

Rule 41(g) of the *Federal Rules of Criminal Procedure* states:

> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Furthermore, the 1989 amendment of Rule 41(g) to include those persons aggrieved by "the deprivation of property" was designed to expand the rule's coverage to include property lawfully seized. *See Fed.R.Crim.P. 41(g)* Advisory Committee Notes. Thus, "Rule 41(g) is concerned with those whose property or privacy interests are impaired by the seizure." *Comprehensive Drug Testing, Inc.*, at 1002.

Though styled as a motion under a *Federal Rule of Criminal Procedure*, when the motion is made by a party against whom no criminal charges have been brought or against whom all criminal proceedings are closed, such a motion is in fact a civil action in equity.

*Id.*; *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001). "Overall, '[a] motion to return seized property under Rule 41(g), is a motion in equity, in which courts will determine all the equitable considerations in order to make a fair and just decision." *United States v. Gonzalez*, 2010 U.S.App.Lexis 7829, *2 (11th Cir. 2010)(*quoting*, *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005)). "In interpreting Rule 41(g), [the Eleventh Circuit has] stated that 'the person from whom the property was seized is presumed to have a right to its return….'" *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001).

In the instant case, the Government came into possession of Signature's property through a direct violation of the Florida State Court's Seal Order. The Government participated in the initial seizure of the property from Signature and in the subsequent Florida State Court proceedings through its Special Assistant United State's Attorney, Anne Wedge-McMillen. Only when the Seal Order was issued did the Government take possession of the property, obviously to get around the Seal Order. Only when the Order Directing Return of property was issued did the Government seek to have this Court essentially eviscerate the Florida State Court rulings through the farce of grand jury subpoenas first directed at the Florida law enforcement agencies and then the Government's Subpoena to Signature. The Government has maintained the property of Signature without any legal right, and with full knowledge of the Order Directing Return of the property.

When, as here, the Government comes into the possession of evidence seized pursuant to search warrants by circumventing or willfully disregarding known limitations placed on the seized materials by the issuing court, the Government must not be allowed to benefit from its own wrongdoing by retaining the wrongfully obtained evidence or any fruits

thereof. As a result, this Court should exercise its discretion and direct the Government to return Signatures' property to Signature.

## IV. CONCLUSION.

The *Fourth Amendment* of the *United States Constitution* guarantees the protection from unreasonable search and seizure by the Government. The Government's Subpoena should be quashed by this Court as it violates the *Fourth Amendment* protections through its overbroad and sweeping request for production of records, including those records protected by third party individuals' right to privacy. Likewise, the Government's Subpoena should be quashed pursuant to Rule 17(c) of the *Federal Rules of Criminal Procedure*, as it merely represents the Government's thinly veiled attempt to have this Court rubber stamp its strategy to circumvent the Florida Seal Order and Order Directing Return. Finally, this Court should exercise its discretionary authority to end the continued deprivation of Signature's property, as the Florida State Court has previously attempted through its Order Directing Return.

STOVASH, CASE & TINGLEY, P.A.

By: */s/ Scott A. Livingston*
    Amy S. Tingley, Esquire
    Florida Bar Number 0068871
    Robert J. Stovash, Esquire
    Florida Bar Number 0769320
    Scott A. Livingston, Esquire
    Florida Bar Number 0126314
    SunTrust Center
    200 South Orange Avenue, Suite 1220
    Orlando, Florida 32801
    Telephone: (407) 316-0393
    Telecopier: (407) 316-8969
    Attorneys for Signature Pharmacy, Inc.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing (NEF) to: Katherine M. Ho, Esquire, U.S. Attorney's Office, 501 West Church Street, Suite 300, Orlando, Florida 32805, on the 26th day of April, 2010.

                                                /s/ *Scott A. Livingston*
                                                Scott A. Livingston, Esquire